# "EXHIBIT 1"



## Sheriff's Entry of Service



**CASE NUMBER:** 94-2558

**GEORGIA. COBB CO.**

KEVIN CAMPBELL
*Plaintiff*
V.

Kevin Campbell
270 Cobb Pkwys #1401a
Marietta, GA 30060

**TRANSDEV SERVICES INC,**
**COBB COUNTY BOARD OF COMMISSIONERS,**
**COBB COUNTY DEPARTMENT OF**
**TRANSPORTATION d/b/a COBBLINC,**
**and MARK K TUTTLE**
*Defendants.*

**Party to be served:**
**TRANSDEV SERVICES INC**
**431 Commerce Park Drive  SE**
**Marietta, GA**

## AFFIDAVIT

**Before me, an officer authorized to take acknowledgement in the state and county aforesaid, this date personally appeared _____, a Deputy Sheriff of Cobb County, State of Georgia who, being duly sworn, deposes and says that he is an officer authorized to serve legal process in Cobb County, State of Georgia.**

## PERSONAL

_____ I have this day served _____, personally with a true copy of the within action.

## CORPORATE

_____ Served _____, a corporation by leaving a copy of the within action with _____, in charge of the office and place of doing business of said corporation in this county.

## NOTORIOUS

_____ I have this day served _____, by leaving a true copy of the action and summons at his/her most notorious place of abode in this county. Delivered in the hands of _____, described as follows: Age, approximately _____years, weight _____pounds, about _____feet and _____inches tall, domiciled at the residence of the defendant.

## DILIGENT SEARCH

_____ Diligent search made and _____was not found to be in the jurisdiction of this court.

**Sworn to and subscribed before me,**
**This _____day of _____, 2008.**

**Date: _____day of _____, 2008**

_____
**Notary Public**

_____
**Deputy Sheriff, Affiant**
**Cobb County, Georgia**

Filed In Office Apr-05-2024 14:44:18
ID# 2024-0046972-CV
Page 1

Connie Taylor
Clerk of Superior Court Cobb County

### IN THE SUPERIOR COURT OF COBB COUNTY
### STATE OF GEORGIA

Plaintiff:
**KEVIN CAMPBELL**

and                            Civil Action File No: _04-1-2538-53_

Defendants:
**TRANSDEV SERVICES INC,**
**COBB COUNTY BOARD OF COMMISSIONERS,**
**COBB COUNTY DEPARTMENT OF TRANSPORTATION d/b/a COBBLINC,**
**and MARK K TUTTLE**

---

### CIVIL COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff Kevin Campbell ("Plaintiff") in the above styled action and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a citizen and resident of Cobb County, Georgia.

2. The incident occurred within the boundaries of Cobb County, Georgia, where the named Defendants are responsible for public transit services and within this Court's physical jurisdiction. Venue is proper in this Court pursuant to Ga. Const. Art. VI, § II, Para. VI and O.C.G.A. § 15-6-8(1).

3. Defendant TRANSDEV SERVICES INC (TRANSDEV) was awarded a multi-year Transit Operations and Maintenance Contract by the COBB COUNTY BOARD OF COMMISSIONERS (COBB CBOC) to provide complete operations, maintenance, and administrative support for COBBLINC (CCDOT Contract No. 002205) on August 22, 2023 during a public Board of Commissioners Regular Meeting. The Contract was effective FY2004, October 1, 2023.

4. Defendant COBB COUNTY BOARD OF COMMISSIONERS (COBB CBOC) is the elected, legislative and governing body of the County government who has the power to carry on business of the Cobb County Government to the extent not inconsistent with general or special law.

5. Defendant COBB COUNTY DEPARTMENT OF TRANSPORTATION d/b/a COBBLINC (COBBLINC) is the county's primary authorizing agency for routes, schedules and fares for the county's public transit system.  In addition to using the county's approved Transit Operation Budget, COBBLINC accepted federal financial assistance from the Transit Grant Fund, issued by the Federal Transit Administration, in the amount of $6,482,409.

6. Defendant MARK K TUTTLE (TUTTLE) was self-described at the COBBLINC Operations Manager for TRANSDEV on the date at issue.

7. Plaintiff sent via Defendants an Ante Litem Notice Pursuant to O.C.G.A. § 36-11-1 on February 7, 2024. See *Exhibit 1*.

## STATEMENT OF FACTS

**8.** The above paragraphs are incorporated herein by reference.

**9.** The Plaintiff is a qualified person with disabilities and as such has a broad scope of protections against discrimination, harassment and interference awarded by the United States and Georgia.  Disability means, with respect to an individual, a physical or mental impairment that substantially limits one or more major life activities of such an individual; a record of such impairments; or being regarded as having such an impairment. 49 C.F.R. § 37.3.  See *Exhibit 2.*

**10.**  The Plaintiff uses public transportation, COBBLINC buses, as his primary form of transportation. Bus means any of several types of self-propelled vehicles… used by public entities to provide designated public transportation service and by private entities to provide transportation service including public transportation services.  49 C.F.R. § 37.3.

**11.**  No entity shall discriminate against an individual with a disability in connection with the provision of transportation service. 49 C.F.R. § 37.5(a).

**12.**  Notwithstanding the provision of any special transportation service to individuals with disabilities, an entity shall not, on the basis of disability, deny to any individual with a disability the opportunity to use the entity's transportation service for the general public, if the individual is capable of using that service. 49 C.F.R. § 37.5(b).

13.   The incident occurred at the Marietta Transfer Center
at 800 S Marietta Parkway, Marietta GA on January 29,
2024 at approximately 4:30 pm.  Plaintiff had taken the
Route 15 bus from downtown to the transfer center to
connect with Route 50.

14.   The Plaintiff has been a COBBLINC Paratransit Certified
Rider (ID #10485) since 2020.  Individuals may be ADA
paratransit eligible on the basis of permanent or
temporary disability. 49 C.F.R. § 37.123(c).

15.   The Plaintiff, with the support and encouragement of
his treating medical team, has used a task-trained
service animal, a female Golden Retriever named Liberty,
for assistance from the limitations caused by his
disabilities for more than 5 years.  Liberty is **NOT** an
emotional support animal. See *Exhibit 3.* A Service Animal
means any animal individually trained to work or perform
tasks for an individual with a disability. 49 C.F.R. §
37.3.

16.   Though not required by law or regulations, Plaintiff
dresses Liberty in a "Service Dog" vest when in public
non-pet-friendly locations to make it readily apparent to
anyone that she is a working service dog and with
warnings that "interference and harassment are criminal
offenses". O.C.G.A. § 30-4-4.

17.   Generally, a public entity shall modify its policies,
practices, or procedures to permit the use of a service
animal by an individual with a disability.  A public
entity may ask an individual with a disability to remove
a service animal from the premises if— (1) The animal is
out of control and the animal's handler does not take

effective action to control it; or (2) The animal is not housebroken. 28 C.F.R. § 35.136 (a-b).

18.  A public entity shall not ask about the nature or extent of a person's disability, but may make two inquiries to determine whether an animal qualifies as a service animal. A public entity may ask if the animal is required because of a disability and what work or task the animal has been trained to perform. A public entity shall not require documentation, such as proof that the animal has been certified, trained, or licensed as a service animal. *Generally, a public entity may not make these inquiries about a service animal when it is readily apparent that an animal is trained to do work or perform tasks for an individual with a disability.*[1] 28 C.F.R. § 35.136 (f).

19.  **COBBLINC** publishes that it complies with the Americans with Disabilities Act of 1990, Public Law 101-336 (ADA), which prohibits discrimination on the basis of disability - requiring that no qualified individual with a disability shall, on the basis of a disability, be denied the benefits of **COBBLINC** services or programs.[2]

20.  **COBBLINC** publishes that it is required under 49 C.F.R. 37.169 to provide reasonable modifications/accommodations for people with a disability to access **COBBLINC**'s transportation bus system.[2]

21.  Each public or private entity which operates a fixed route or demand responsive system shall ensure that personnel are trained to proficiency, as appropriate to

---

[1] General Rules Q7 https://www.ada.gov/resources/service-animals-faqs/
[2] https://www.cobbcounty.org/transportation/transit/ada-compliance-cobblinc

their duties, so that they operate vehicles and equipment
safely and properly assist and treat individuals with
disabilities who use the service in a respectful and
courteous way, with appropriate attention to the
difference among individuals with disabilities. 49 C.F.R.
§ 37.173.

22. An entity shall not refuse to provide service to an
individual with disabilities solely because the
individual's disability results in appearance or
involuntary behavior that may offend, annoy, or
inconvenience employees of the entity or other persons. 49
C.F.R. § 37.5(h).

23. The Defendants are jointly subject to broad scope of
federal laws and regulations regarding disability
discrimination, harassment and interference including the
Americans with Disabilities Act of 1990 (ADA, 42 U.S.C. §§
12101-12213), the ADA Amendments Act of 2008 (Pub. L. No.
110-325, 122 Stat. 3553). Because the Defendants accept
federal grants to partial fund operations (See Complaint,
Para. 5), they are also subject to the regulations of the
Rehabilitation Act § 504 of 1973. 29 U.S.C. §§ 701-797b.
34 CFR Part 104.

24. The Defendants are jointly subject to Official Codes of
Georgia for Handicapped Persons (O.C.G.A. Title 30) and
Torts (O.C.G.A. Title 51).

25. After boarding the Route 50 bus, Plaintiff encountered
two TRANSDEV bus drivers, one of which said that company
policy was for all service animals to be on the floor of
the bus. Knowing that this is neither official COBBLINC
policy or a legal requirement, Plaintiff asked for the

driver to contact his supervisor "before heading down the wrong path". <u>28 C.F.R. 35.136 (f)</u>.

26. The COBBLINC Operations Manager, TUTTLE with slight diligence and gross negligence denied Plaintiff's rights to travel, the use of a service animal and further deprived me of civil rights by unlawfully, willfully and knowingly making false statements to Marietta Police. See *Exhibit 4*. <u>O.C.G.A. § 16-10-26</u>.

27. TUTTLE then instructed Marietta Police Department Officer Austin Turner to issue a Criminal Trespass Warning (2024-0001198) baring Plaintiff's access to "All CCT Bus Stops and Stations" for a period of 5 years under <u>O.C.G.A. §16-7-21</u>. See *Exhibit 4*.

28. Due to TUTTLE's slight diligence and gross negligence and COBBLINC's negligent oversight of TRANSDEV's hiring and training of its transit management, Plaintiff immediately and lasting suffered from pain, emotional distress and a diminished quality of life.

29. After filing a complaint with COBB COUNTY DOT Transit division, Mr. Robert Zuco responded on February 2, 2024 stating that "Our office has come to the decision that this interaction does not rise to the level of a five-year band of service" which still implies that Plaintiff acted wrongly in some way. Further Mr. Zuco stated that COBBLINC would continue to ask questions regarding a service animal "if not obvious to the staff member" implying continued support of TUTTLE's illegal response. Any objective person would agree that it is obvious Plaintiff uses a service animal. See *Exhibit 4*.

30.  The Plaintiff filed report 405362-HMK with the United States Department of Justice, Civil Rights division on February 4, 2024.   In their March 12, 2024 response, citing lack of resources, not determining the report lacked merits, authorized a civil action. See *Exhibit 5*.

31.  Civil monetary penalties for violations assessed after February 12, 2024 for violations occurring after November 2, 2015 provided by law within the jurisdiction of the Department are adjusted to $115,231 for first violation and $230,464 for subsequent violations. 28 C.F.R. 85.5 42 U.S.C. § 12188(b)(2)(C)(i). 28 CFR 36.504(a)(3)(i).

32.  The Plaintiff suffered tortious injuries at the hands of the Defendants.

33.  On February 14, 2024, the Plaintiff was contacted by TRANSDEV's insurance administrator Gallager Bassett (GB CLAIM # 015557-665705-GB-01)on behalf of National Union Fire Insurance Co. regarding the Ante Litem Notice (See *Compliant, Para* 7).   No resolution has been found or final determination made by Gallager Bassett as of this filing.

---

## CAUSES OF ACTION

### CAUSE I - FAILURE TO MAKE A REASONABLE ACCOMMODATION

34.  The above paragraphs are incorporated herein by reference.

35.  Persons with disabilities are entitled to full and
equal accommodations, advantages, facilities, and
privileges on all buses or any other public conveyances
or modes of transportation and other places to which the
general public is invited, subject only to the conditions
and limitations established by law and applicable alike
to all persons O.C.G.A. § 30-4-2.

36.  Public accommodations must make reasonable
modifications in policies, practices, and procedures that
deny equal access to individuals with disabilities. 49
C.F.R. Part 37.

37.  In all cases, a person who maliciously procures an
injury to be done to another, whether an actionable wrong
or a breach of contract, is a joint wrongdoer and may be
subject to an action either alone or jointly with the
person who actually committed the injury. O.C.G.A §
51-12-30.

38.  To recover for wrongful refusal to continue to
transport, it must be alleged and shown that the
defendant was responsible for the situation causing such
refusal. Daigrepont v. Teche Greyhound Lines, 189 Ga.
601, 7 S.E.2d 174, 1940 Ga. LEXIS 345 (1940).

39.  The Defendants jointly denied Plaintiff's legal rights
for reasonable accommodation due to a disability
maliciously causing immediate and lasting injury to the
Plaintiff.

## CAUSE II - SERVICE UNDER CONTRACT

**40.**  The above paragraphs are incorporated herein by reference.

**41.**  When a public entity enters into a contractual or other arrangement or relationship with a private entity to operate fixed route or demand responsive service, the public entity shall ensure that the private entity meets the requirements of this part that would apply to the public entity if the public entity itself provided the service. 49 C.F.R. § 37.23.

**42.**  COBB CCBC authorized the COBB COUNTY DOT d/b/a COBBLINC to enter a contractual arrangement with TRANSDEV SERVICES INC jointly binding the DEFENDANTS liability for transportation services for individuals with disabilities.

**43.**  The Defendants jointly failed to meet the public entity's duty to operate the public transit system without discrimination for disability.

**44.**  The Defendants jointly through Service Under Contract caused immediate and lasting injury to the Plaintiff on January 29, 2024.

## CAUSE III - VIOLATIONS OF LEGAL, PUBLIC AND PRIVATE DUTY

**45.**  The above paragraphs are incorporated herein by reference.

ID# 2024-0045972-CV
Page 11

46.  Each public or private entity which operates a fixed route or demand responsive system shall ensure that personnel are trained to proficiency, as appropriate to their duties, so that they operate vehicles and equipment safely and properly assist and treat individuals with disabilities who use the service in a respectful and courteous way, with appropriate attention to the difference among individuals with disabilities. <u>49 C.F.R. § 37.173.</u>

47.  A well-trained workforce is essential in ensuring that the accessibility-related equipment and accommodations required by the ADA actually result in the delivery of good transportation service to individuals with disabilities. <u>49 C.F.R. § 37.173, Appendix D</u>.

48.  Every employee of a transportation provider who is involved with service to persons with disabilities must have been trained so that he or she knows what needs to be done to provide the service in the right way. When it comes to providing service to individuals with disabilities, ignorance is no excuse for failure. <u>49 C.F.R. § 37.173, Appendix D</u>.

49.  The entity shall permit service animals to accompany individuals with disabilities in vehicles and facilities. <u>C.F.R. § 37.167(d), Appendix D</u>.

50.  Service animals shall always be permitted to accompany their users in any private or public transportation vehicle or facility. One of the most common misunderstandings about service animals is that they are limited to being guide dogs for persons with visual impairments. Dogs are trained to assist people with a

ID# 2024-0046972-CV
Page 12

wide variety of disabilities. In any of these situations, the entity must permit the service animal to accompany its user. C.F.R. § 37.167, Appendix D.

51.  While there is no specific requirement for recurrent or refresher training, there is an obligation to ensure that, at any given time, employees are trained to proficiency. An employee who has forgotten what he was told in past training sessions, so that he or she does not know what needs to be done to serve individuals with disabilities, does not meet the standard of being trained to proficiency. C.F.R. § 37.167, Appendix D.

52.  When the law requires a person to perform an act for the benefit of another or to refrain from doing an act which may injure another, although no cause of action is given in express terms, the injured party may recover for the breach of such legal duty if he suffers damage thereby O.C.G.A. § 51-1-6.

53.  Injury suffered in common with the community, though to a greater extent, will not give a right of action to an individual for the infraction of some public duty. In order for an individual to have such a right of action, there must be some special damage to him, in which the public has not participated. O.C.G.A. § 51-1-7.

54.  Private duties may arise from statute or from relations created by contract, express or implied. The violation of a private duty, accompanied by damage, shall give a right of action. O.C.G.A. § 51-1-8.

55.  A common carrier holding himself out to the public as such is bound to receive all passengers whom he is able

ID# 2024-0046972-CV
Page 13

and accustomed to carry, upon compliance with such
reasonable regulations as he may adopt for his own safety
and for the benefit of the public. O.C.G.A. § 46-9-130.

56.  Public entities must not discriminate against
individuals with disabilities in the provision of
services, programs, or activities. They must also make
reasonable modifications to policies, practices, and
procedures to ensure equal access. 28 C.F.R. § 35.130.

57.  The Rehabilitation Act prohibits discrimination on the
basis of disability in programs receiving federal
financial assistance. *See Complaint Paragraph 5*. 29
U.S.C. §§ 701-797b.

58.  The Defendants jointly caused injury by failing to take
action to prevent disability interference, harassment and
discrimination of the Plaintiff in violation of their
legal, public and private duty.

59.  The Defendants jointly caused special damages to the
Plaintiff individually, an infraction of their public
duty.


**CAUSE IV - PREMISE LIABILITY**

60.  The above paragraphs are incorporated herein by
reference.

61.  An owner or occupier of land, that by invitation leads
others to come upon his premises for any lawful purpose,
is liable in damages to such persons for injuries caused

by his failure to exercise ordinary care in keeping the premises and approaches safe. O.C.G.A § 51-3-1.

62. The Defendants jointly are liable to the Plaintiff for the actions of TRANSDEV bus drivers and TUTTLE on the date at issue at the Marietta Transfer Center, 800 South Marietta Parkway, Marietta, GA, a real property owned by Cobb County, Georgia and operated by COBBLINC.

## CAUSE V- CIVIL CONSPIRACY

63. The above paragraphs are incorporated herein by reference.

64. Conspiracy is a combination of two or more persons; to accomplish an unlawful end; by concerted action; and causing damage to the Plaintiff.

65. The Defendants' conspiracy, through TUTTLE-TRANSDEV bus drivers' actions, caused damage to the Plaintiff.

66. A civil conspiracy can give rise to liability for the resulting damages caused by the conspiracy. Each conspirator can be held responsible for the actions of the other co-conspirators committed in furtherance of the conspiracy.

67. A conspiracy, upon which a civil action may be based, is a combination between two or more persons, either to commit a tortious act, or do some lawful act by methods constituting a tort. Rood v. Newman, 75 Ga. App. 621, 44 S.E.2d 171, 1947 Ga. App. LEXIS 595 (1947).

## CAUSE VI- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

68. The above paragraphs are incorporated herein by reference.

69. In Georgia, IIED is an intentional or reckless conduct; with extreme and outrageous conduct; has causal connection; and produces severe emotional distress to the injured party. If the negligent act aggravated a pre-existing injury or condition, damages may be recoverable.

70. "It is well settled that the alleged conduct must have been directed at the plaintiff in order to be actionable under a theory of intentional infliction of emotional distress." see Mayorga v. Benton, 364 Ga. App. 665, 875 S.E.2d 908 (2022), cert. denied (May 2, 2023).

71. Severe emotional distress to the injured party. See

72. The Defendants' intentional and outrageous conduct caused Plaintiff to suffer severe emotional distress and lasting physical damages.

ID# 2024-0045972-CV
Page 16

## CAUSE VII- SLIGHT DILIGENCE AND GROSS NEGLIGENCE.
## EXTRAORDINARY DILIGENCE.

**73.** The above paragraphs are incorporated herein by reference.

**74.** In general, slight diligence is that degree of care which every man of common sense, however inattentive he may be, exercises under the same or similar circumstances. As applied to the preservation of property, the term "slight diligence" means that care which every man of common sense, however inattentive he may be, takes of his own property. The absence of such care is termed gross negligence. O.C.G.A. § 51-1-4.

**75.** The Defendants had a legal duty to the Plaintiff. Legal duties may arise from statute. The violation of a legal duty, accompanied by damage, shall give a right to an action. O.C.G.A. § 51-1-6.

**76.** The Defendants had a public duty to the Plaintiff. Public duties may arise from statute. The violation of a public duty, accompanied by damage, shall give a right to an action. O.C.G.A. § 51-1-7.

**77.** The Defendants had a private duty to the Plaintiff. Private duties may arise from statute. The violation of a private duty, accompanied by damage, shall give a right to an action. O.C.G.A. § 51-1-8.

**78.** A carrier of passengers must exercise **extraordinary diligence** to protect the lives and persons of his passengers. O.C.G.A. § 46-9-132.

ID# 2024-0046972-CV
Page 17

79.  Questions of negligence and diligence, even of gross
negligence and slight negligence, being questions of fact
and not of law, are as a rule to be determined by a jury.
Frye v. Pyron, 51 Ga. App. 613, 181 S.E. 142, 1935 Ga.
App. LEXIS 421 (1935).

80.  A common carrier is liable whenever a passenger being
transported by it suffers insult, mortification, or
embarrassment resulting directly from the failure of its
servants to perform their legal duty to such passenger or
from their negligent and wrongful acts. Hames v. Old S.
Lines, 52 Ga. App. 420, 183 S.E. 503, 1935 Ga. App. LEXIS
170 (1935).

81.  Duty imposed by former Civil Code 1895, § 2266 (see
O.C.G.A. § 46-9-132) cannot be waived or released even by
an express contract. Being one in which the public has an
interest, public policy forbids such a waiver or release.
Central of Ga. Ry. v. Lippman, 110 Ga. 665, 36 S.E. 202,
1900 Ga. LEXIS 613 (1900); Hearn v. Central of Ga. Ry.,
22 Ga. App. 1, 95 S.E. 368, 1918 Ga. App. LEXIS 95
(1918).

82.  When a passenger is injured, a legal presumption that
the carrier failed to exercise extraordinary care arises
in the passenger's favor. The carrier can, of course,
rebut this presumption by making it appear that
extraordinary care and diligence was exercised. This is a
jury question. Eason v. Crews, 88 Ga. App. 602, 77 S.E.2d
245, 1953 Ga. App. LEXIS 1145 (1953); Piller v. Hanger
Cab. Co., 115 Ga. App. 260, 154 S.E.2d 420, 1967 Ga. App.
LEXIS 1308 (1967).

ID# 2024-0046972-CV
Page 18

83.   The Defendants jointly acted with slight diligence and gross negligence actions caused immediate and permanent damage to the Plaintiff.

84.   The Defendants jointly have legal, public and private duties owed the Plaintiff.

## CAUSE VIII- GENERAL AND SPECIAL DAMAGES

85.   The above paragraphs are incorporated herein by reference.

86.   Georgia provides for the injured party to recover damages upon breach of legal duty. O.C.G.A. § 51-1-6.

87.   Georgia provides for the injured party to recover damages upon breach of public duty. O.C.G.A. § 51-1-7.

88.   Georgia provides for the injured party to recover damages upon breach of private duty O.C.G.A. § 51-1-8.

89.   In any civil action, whether in tort or in contract, for the recovery of damages arising from a tortious injury in which special damages are sought to be recovered or evidence of same is otherwise introduced by the plaintiff, evidence of all compensation, indemnity, insurance (other than life insurance), wage loss replacement, income replacement, or disability benefits or payments available to the injured party from any and all governmental or private sources and the cost of providing and the extent of such available benefits or

ID# 2024-0046972-CV
Page 19

payments shall be admissible for consideration by the
trier of fact. The trier of fact, in its discretion, may
consider such available benefits or payments and the cost
thereof but shall not be directed to reduce an award of
damages accordingly. O.C.G.A. § 51-12-1.

90.  The Plaintiff has general and special damages jointly
caused by the Defendants.  The total amount should be
determined by the jury.


### CAUSE IX- COMPENSATORY DAMAGES


91.  The above paragraphs are incorporated herein by
reference.

92.  Damages are given as compensation for injury. O.C.G.A.
§ 51-12-4.

93.  Direct damages are those which follow immediately upon
the doing of a tortious act. Consequential damages are
those which are the necessary and connected effect of a
tortious act, even though they are to some extent
dependent upon other circumstances. O.C.G.A. § 51-12-3.

94.  The Plaintiff is owed economic and non-economic damages
caused by actions jointly by the Defendants in an amount
determined by the jury.

## CAUSE X- PUNITIVE DAMAGES

95.  The above paragraphs are incorporated herein by
reference.

96.  The Defendant's actions showed willful misconduct,
malice, fraud, wantonness, oppression, or that entire
want of care which would raise the presumption of
conscious indifference to consequences. O.C.G.A. §
51-12-5.1.

97.  In Georgia, punitive damages a)punish and deter the
wrongdoer(s), b)deter others from engaging in similar
behavior and c)compensate victims for the entire cost of
the wrongdoing.

98.  The Defendants should jointly be liable for punitive
damages in an amount decided by the jury.

ID# 2024-0046972-CV
Page 21

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully asks that the Court grant him the following relief:

1. Defendant be serviced with the process as the Civil Practices Act provides;

2. That the determination of all issues of facts be decided by a jury;

3. That the Court provide Injunctive Relief to protect the Plaintiff's rights as an individual with disabilities, requiring Defendants to permanently make reasonable accommodations for Plaintiff's (and others with similar daily-life limitations) disability and use of a task-trained service animal;

4. That each of the Plaintiff's prayers for relief in the Complaint be granted, with a total amount of pecuniary and non-monetary damages to be determined at trial;

5. Judgment against the Defendants for any attorney's fees and litigation expenses that the Plaintiff has incurred, continues and will incur because of the Defendant's conduct; and

6. Such other and further relief at law or in equity that the Court deems just and proper.


This 5th day of April, 2024.


/s/Kevin Campbell
Kevin Campbell
270 Cobb Parkway S #140101
Marietta, GA 30060
Phone: (770)766-7060
kscamp@gmail.com
*PeachCourt e-file preferred*
*Pro Se*

ID# 2024-0046972-CV
Page 22

KEVIN CAMPBELL
v.
TRANSDEV SERVICES INC,
COBB COUNTY BOARD OF COMMISSIONERS,
COBB COUNTY DEPARTMENT OF TRANSPORTATION d/b/a COBBLINC,
and MARK K TUTTLE

## EXHIBIT 1

ANTE LITEM NOTICE PURSUANT TO
O.C.G.A. § 36-11-1

ID # 2024-0045972-CV
Page 23

<u>EXHIBIT 1.1</u>

February 7, 2024

Via Certified Mail
Via Email lisa.cupid@cobbcounty.org

**Chairman of Cobb County Board of Commissioners**
100 Cherokee Street
Marietta, GA 30090

 *Additional copies provided via U.S.P.S. first-class mail to:*

 **Cobb County Department of Transportation, Transit Division**
 **d.b.a. CobbLinc**
 1890 County Services Parkway
 Marietta, GA 30008

 **Mr. Mark K. Tuttle**
 1857 Newberry Court
 Marietta, GA 30062

**RE: Ante Litem Notice Pursuant to O.C.G.A. § 36-11-1**

To Whom It May Concern:

You are hereby given formal ante litem notice that I intend to file a lawsuit against Cobb County, Cobblinc and Mr. Mark Tuttle arising out of tortious injuries I sustained on or about January 29, 2024 at approximately 4:30 pm. The incident occurred while I was a passenger on a CobbLinc Route 50 bus, at the Marietta Transfer Station, 800 S Marietta Parkway, Marietta, Georgia.  These claims are supported with specific Georgia Codes and Federal Regulations as listed at the end of this notice.

I am disabled and use public transportation as my primary form of travel.  I have been a paratransit certified rider on CobbLinc for several years, using my task trained service animal to limit the severity of physical and nonphysical symptoms of my disability.  Though not required by federal law or regulations, she always wears a vest in public making it obvious to all that she is a working service dog and warnings that interference and harassment are criminal offenses.

ID# 2024-0046972-CV
Page 24

## EXHIBIT 1.2

After starting travel on the Route 15 bus downtown, we transferred at the Marietta Transfer Center to the Route 50 bus where we encountered two CobbLinc drivers, one of which said that company policy was for all service animals to be on the floor of the bus. Knowing that this is neither official CobbLinc policy or a legal requirement, I asked for the driver to contact his supervisor "before heading down the wrong path".

The Cobblinc Operations Manager, Mark K. Tuttle with slight diligence and gross negligence denied my rights to travel, the use of a service animal and further deprived me of civil rights by making false statements to Marietta Police. Tuttle then instructed Marietta PD Austin Turner to issue a *Criminal Trespass Warning* (2024-0001198) baring my access to "All CCT Bus Stops and Stations" for a period of 5 years under O.C.G.A. §16-7-21. Due to Tuttle's slight diligence and gross negligence and Cobb County's negligent hiring and training of its transit management, I continue to suffer from pain, emotional distress and a diminished quality of life.

After filing a complaint, Mr. Robert Zuco responded on February 2, 2024 stating that "Our office has come to the decision that this interaction does not rise to the level of a five-year band of service" which still implies that I acted wrongfully. Further Mr. Zuco stated that CobbLinc would continue to ask questions regarding a service animal "if not obvious to the staff member" implying continued support of Tuttle's illegal response. Any reasonable person would agree that it is obvious I use a service animal.

The purpose of this ante litem notice is to satisfy the notice requirements of O.C.G.A. § 36-11-1 prior to filing a lawsuit against Cobb County, CobbLinc and Mark Tuttle. I hereby provide notice of my claim and demand settlement in the amount of $110,000. This amount is just as it is less than what the Justice Department could assess for first time violation of public accommodations for individuals with disabilities. *28 CFR 85.5, 42 U.S.C. 12188(b)(2)(C)(i), 28 CFR 36.504(a)(3)(i)*. An additional report (405362-HMK) was filed with the United States Department of Justice, Civil Rights Division on February 4, 2024.

ID # 2024-0046972-CV
Page 25

EXHIBIT 1.3

If this claim is not settled within 30 days after the date of this letter, I intend to file a lawsuit against Cobb County, CobbLinc and Mark Tuttle seeking compensation for my injuries, damages and violation of rights. All recorded footage made by CobbLinc for this incident is expected to be preserved as evidence for future discovery and trial.

Please direct any correspondence related to this claim to me at the following address. I look forward to hearing from you regarding this matter.

Regards,

Kevin Campbell
kscamp@gmail.com
270 Cobb Parkway #140-101
Marietta, GA 30060
(770) 766-7060

- O.C.G.A § 51-1-1 Tort Defined
- O.C.G.A § 51-1-4 Slight Diligence and Gross Negligence Defined
- O.C.G.A § 51-12-3 Direct and Consequential Damages Distinguished
- O.C.G.A § 51-12-6 Damages for Injury to Peace, Happiness or Feelings
- O.C.G.A § 30-4-2 Right to Public Accommodations; Right to be Accompanied by Service Dog
- O.C.G.A § 46-9-130 Transportation by Carriers Generally
- 28 CFR Part 35 Nondiscrimination on the Basis of Disability in State and Local Government Services
- 28 CFR 35.136 Service Animals. (a) General (b) Exceptions (d) Animal Under Handler's Control (f) Inquiries (g) Access To Areas Of A Public Entity
- 49 CFR 37.169 (e) Process To Be Used By Public Entities Providing Designated Public Transportation Service In Considering Requests For Reasonable Modification.

ID # 2024-0045972-CV
Page 26

KEVIN CAMPBELL
v.
TRANSDEV SERVICES INC,
COBB COUNTY BOARD OF COMMISSIONERS,
COBB COUNTY DEPARTMENT OF TRANSPORTATION d/b/a COBBLINC,
and MARK K TUTTLE

EXHIBIT 2

KEVIN CAMPBELL
MEDICAL SUMMARY

## EXHIBIT 2

To print this page: Use your browser's Print button, or select File then Print from your browser menu. If you have trouble printing, please click somewhere on this page and try again. To go back to the regular view, click the Close button below.

Member name: Kevin S Campbell
Date of birth: 1/17/1969
Primary care physician: Stephen Saylor, MD, M.D.
Date printed: Sunday, March 31, 2024

### Current Health Issues

| | | |
|---|---|---|
| **POSTTRAUMATIC STRESS DISORDER** Added 1/10/2018 | **RIGHT SHOULDER BLADE PAIN** Added 4/24/2018 | **INSOMNIA** Added 4/24/2018 |
| **BILATERAL GLAUCOMA SUSPECT** Added 4/25/2018 | **BILATERAL ALLERGIC CONJUNCTIVITIS** Added 4/25/2018 | **MAJOR DEPRESSIVE DISORDER, RECURRENT EPISODE** Added 10/19/2020 |

Certain content delivered by MyChart®, licensed from Epic Systems Corporation, © 1999 to February 2023, patents pending.

https://healthy.kaiserpermanente.org/georgia/secure/medical-record/health-summary                    1/2

KEVIN CAMPBELL
v.
TRANSDEV SERVICES INC,
COBB COUNTY BOARD OF COMMISSIONERS,
COBB COUNTY DEPARTMENT OF TRANSPORTATION d/b/a COBBLINC,
and MARK K TUTTLE

**EXHIBIT 3**

LIBERTY

O.C.G.A. § 30-4-2

EXHIBIT 3







**KEVIN CAMPBELL**
**v.**
**TRANSDEV SERVICES INC,**
**COBB COUNTY BOARD OF COMMISSIONERS,**
**COBB COUNTY DEPARTMENT OF TRANSPORTATION d/b/a COBBLINC,**
**and MARK K TUTTLE**

EXHIBIT 4

MARIETTA POLICE DEPARTMENT

REPORT AND 5 YEAR CRIMINAL TRESPASS WARNING

ID# 2024-0046972-CV
Page 31

EXHIBIT 4.1

# MARIETTA POLICE DEPARTMENT

240 Lemon Street, Marietta, Georgia 30060  Telephone 770-794-5300  Fax 770-794-5301

Marty Ferrell, Chief of Police

## CRIMINAL TRESPASS WARNING

Case Number#_____ Zone: ____ Date/Time: _____

**Offenders Information**

Name: _____ ID#:_____

Address:_____ DOB:_____ Phone#:_____

I, _____, an Officer of the Marietta Police Department do hereby

warn _____, **NOT TO ENTER** upon the LAND or

**PREMISES** described as: (*location*)

_____

as stated under Georgia Criminal Code 16-7-21.

I, _____, have read this Criminal Trespass
Warning and understand that I am **NOT TO ENTER** upon the LAND or **PREMISES**
described above.

Signature:_____ Date: _____

Witness: _____ Date: _____

Witness: _____ Date: _____

Manager/Owner/Designee signature required if location is not on file:

Printed Name:_____

Signature:_____ Date: _____

*THIS AGREEMENT WILL BE VALID FOR A PERIOD OF 5 YEARS FROM
DATE OF SIGNATURE*

ID# 2024-0043972-CV
Page 32

## EXHIBIT 4.2



**MARIETTA POLICE DEPARTMENT**
340 Lower Street, Marietta, Georgia 30060  Telephone 770-794-6800  Fax 770-794-6921

David Bowe, Interim Chief of Police

Case 2024-0001198

Printed on February 2, 2024

| | |
|---|---|
| Status | Approved |
| Report Type | Patrol |
| Primary Officer | Austin Turner |
| Investigator | None |
| Reported At | 01/29/24 17:07 |
| Incident Date | 01/29/24 16:31 |
| Incident Code | 24 : MENTAL IMPAIRMENT |
| Location | 800 S MARIETTA PKWY, MARIETTA, GA 30060 |
| Zone | 3 |
| Court | None |
| Referral County | None |
| | |
| Disposition | Inactive |
| Disposition Date/Time | 01/30/24 13:37 |
| Review for Gang Activity | None |
| Homeless Involvement | No |
| Printed By: | 3627 - Turner, Austin |

Unspecified

**CAMPBELL, KEVIN SCOTT**
Male, DOB 1/17/69

270 COBB PKWY S, STE 140101
MARIETTA, GA 30060

**TUTTLE, MARK K**
Male, DOB 12/12/60

1857 NEWBERRY CT
MARIETTA, GA 30062

## Primary Narrative By Austin Turner, 01/30/24 15:21

On 01/29/2024 at approximately 1634 hours, I responded to 800 S Marietta Pkwy (CCT) in reference to a Business Disturbance.

Once on the scene, I met with Mark Tuttle, who advised a male, later identified as Kevin Campbell, had an emotional support dog on the bus in the seat with Campbell. Tuttle informed me that having that size dog on the chair while on the bus was against CCT rules and regulations. Tuttle told me that the dog had to be on the floor for safety. Tuttle informed me that he asked Campbell to have the dog be placed on the floor, and Campbell said no.

I then met with Campbell and asked what was going on today. Campbell advised that he was being harassed about his disability. I informed Campbell that CCT rules and regulations state that the dog has to be on the floor. Campbell told me it does not. I advised Campbell that if the dog isn't on the floor, CCT can refuse service to Campbell. Campbell replied no, they can't. I once again explained that CCT can refuse service to any person.

I advised Campbell that he had to leave the bus on his own or officers would remove him from the bus. Campbell informed me that he would not leave the bus, and I would not want to proceed with removing Campbell from the bus. I

Case 2024-0001198

Page 1 of 2

## EXHIBIT 4.3

observed Campbell displaying a lack of cognitive abilities to comprehend instructions. I put on my gloves and pulled my Marietta Police Department taser to get Campbell to comply with instructions. Campbell then walks off the bus but states, "I'm walking off in protest and not on my own will."

I then filled and completed a Marietta Police Department Criminal Trespass form. Campbell signed the form, was given a copy, and left the scene. Campbell was Criminally Trespassed from All CCT Bus Stations & Bus Stops. Tuttle was given a copy of the Criminal Trespass form, and the other copy was placed into the Marietta Police Department records.

After further review of Ga State law on service Dogs in OCGA 30-4-2 states:

a. Blind persons, persons with visual disabilities, persons with physical disabilities, and deaf persons are entitled to full and equal accommodations, advantages, facilities, and privileges on all common carriers, airplanes, motor vehicles, railroad trains, motor buses, streetcars, boats, or any other public conveyances or modes of transportation and at hotels, lodging places, places of public accommodation, amusement, or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law and applicable alike to all persons.

b. 1. Every totally or partially blind person shall have the right to be accompanied by a guide dog, and every physically disabled person and every deaf person shall have the right to be accompanied by a service dog, especially trained for the purpose, in any of the places listed in subsection (a) of this Code section without being required to pay an extra charge for the guide or service dog; provided, however, that he or she shall be liable for any damage done to the premises or facilities by such dog. In addition, if such totally or partially blind person, physically disabled person, or deaf person is a student at a private or public school in this state, such person shall have the right to be accompanied by a guide dog or service dog subject to liability for damage as provided in the preceding sentence. The guide dog or service dog must be identified as having been trained by a school for seeing eye, hearing, service, or guide dogs.

2. Every person engaged in the training of a guide dog or service dog for the purpose of accompanying a person as provided in paragraph (1) of this subsection shall have the same right to be accompanied by such dog being trained as the totally or partially blind person, deaf person, or physically disabled person has under paragraph (1) of this subsection, so long as such trainer is identified as an agent or employee of a school for seeing eye, hearing, service, or guide dogs.

3. Every person engaged in the raising of a dog for training as a guide dog or service dog for the purpose of accompanying a person as provided in paragraph (1) of this subsection shall have the same right to be accompanied by such dog being raised for training as the totally or partially blind person, deaf person, or physically disabled person has under paragraph (1) of this subsection, so long as:

A. Such dog is being held on a leash and is under the control of the person raising such dog for an accredited school for seeing eye, hearing, service, or guide dogs;

B. Such person has on his or her person and available for inspection credentials from the accredited school for which the dog is being raised; and

C. Such dog is wearing a collar, leash, or other appropriate apparel or device that identifies such dog with the accredited school for which such dog is being raised.

c. Every totally or partially blind person operating a vending stand shall have the right to be accompanied by a trained guide dog on the entire premises of his or her vending operation.

All paperwork was turned over to the Marietta Police Department Front Desk.

A. Turner #3627

**EXHIBIT 4.4**



**CobbLinc Incident**
1 message

Zuco, Robert <Robert.Zuco@cobbcounty.org>                    Fri, Feb 2, 2024 at 11:47 AM
To: kscamp@gmail.com <kscamp@gmail.com>

Good morning.

Thank you for allowing us the time to look into this situation.

Our office has come to the decision that this interaction does not rise to the level of a five-year ban of service.

Effective immediately, CobbLinc services are available for your use.

We have followed up with the staff members involved and provided guidance regarding situations such as this.

Please note, that staff may ask two questions regarding a service animal.

1.  Is the dog a service animal required because of a disability?

2.  What work has the dog been trained to perform?

These two questions allow us to determine the validity of a service animal if the purpose is not obvious to the staff member.

Information on this subject can be found here.

Please feel free to contact our office if you have any other questions or concerns.

We apologize for any inconvenience this incident may have caused you.

Robert Zuco

Customer Service Manager

Cobb County Department of Transportation | Transit

ID# 2024-0046972-CV
Page 35

**KEVIN CAMPBELL**
**v.**
**TRANSDEV SERVICES INC,**
**COBB COUNTY BOARD OF COMMISSIONERS,**
**COBB COUNTY DEPARTMENT OF TRANSPORTATION d/b/a COBBLINC,**
**and MARK K TUTTLE**


EXHIBIT 5


UNITED STATES
DEPARTMENT OF JUSTICE
CIVIL RIGHTS DIVISION


REPORT AND RESPONSE

ID# 2024-0045972-CV
Page 36

EXHIBIT 5.1



### United States Department of Justice
### Civil Rights Division
civilrights.justice.gov

## Thank you for submitting a report to the Civil Rights Division.

**Report successfully submitted**

Your record number is: 405362-HMK

Save report

## What to expect

### ① We review your report

Our specialists in the Civil Rights Division carefully read every report to identify civil rights violations, spot trends, and determine if we have authority to help with your report.

### ② Our specialists determine the next step

We may decide to:
**Open an investigation** or take some other action within the legal authority of the Justice Department.
**Collect more information** before we can look into your report.
**Recommend another government agency** that can properly look into your report. If so, we'll let you know.

In some cases, we may determine that we don't have legal authority to handle your report and will recommend that you seek help from a private lawyer or local legal aid organization.

### ③ When possible, we will follow up with you

We do our best to let you know about the outcome of our review. However, we may not always be able to provide you with updates because:
We're actively working on an investigation or case related to your report.
We're receiving and actively reviewing many requests at the same time.

If we are able to respond, we will contact you using the contact information you provided in this report. Depending on the type of report, response times can vary. If you need to reach us about your report, please refer to your report number when contacting us. This is how we keep track of your submission.

## What you can do next

EXHIBIT 5.2

---

**① Contact local legal aid organizations or a lawyer if you haven't already**

Legal aid offices or members of lawyer associations in your state may be able to help you with your issue.
American Bar Association, visit www.americanbar.org/groups/legal_services/flh-home or call (800) 285-2221
Legal Services Corporation (or Legal Aid Offices), to help you find a legal aid lawyer in your area visit www.lsc.gov/find-legal-aid

**② Get help immediately if you are in danger**

If you reported an incident where you or someone else has experienced or is still experiencing physical harm or
violence, or are in immediate danger, please call 911 and contact the police.

## Your submission

### Contact

**Contact information**

**Your name**
Kevin Campbell

**Email address**
kscamp@gmail.com

**Phone number**
7707767060

**Address**
270 COBB PARKWAY S #140-101

MARIETTA, Georgia 30060

**Are you now or have ever been an active duty service member?**

No

### Primary concern

**What is your primary reason for contacting the Civil Rights Division?**

Discriminated against in a commercial location or public place

### Location

**Please choose the type of location that best describes where the incident happened**

Other

---

ID# 2024-0046972-CV
Page 38

EXHIBIT 5.3

**Where did this happen?**

**Organization name**
CobbLinc

**Address**
CobbLinc Marietta Transfer Station
800 South Marietta Pkwy SE
Marietta, Georgia

**Personal characteristics**

**Do you believe any of these personal characteristics influenced why you were treated this way?**

Disability (including temporary or recovered and including HIV and drug addiction)

**Date**

**When did this happen?**

1/29/2024

**Personal description**

**In your own words, describe what happened**

I am disabled and use the public transportation as my primary form of travel. I have been a rider on the CobbLinc buses for several years, using my task trained service dog to limit the severity of physical and nonphysical symptoms of my disability. Though not required, but to make oblivious she is a service animal, she always wears a service animal vest in public notifying that interference and harassments are crimes.
When we ride the bus, she is tasked trained with three helpful jobs. 1 She monitors my status by placing her body, head or legs upon my legs to sense levels of anxiety. 2 She can apply deep pressure therapy by using the majority of her 65 pounds on my body. 3 She can provide sensory distractions including licking, mouthing and pawing. She has been trained with intelligent disobedience to override commands in situations that are harmful for my help.
After transfering from the Bus 15 Route to Bus 50 Route at the Marietta Transfer Center, a driver trainer told me that she must be on the ground, a area where she can not perform her tasks. A Supervisor (Mark Tuttle) arrived, said he had a service dog (dead) and that the public transportation could ask 2 questions. I corrected him saying that it was obvious by the service animal vest she was working and that he was harassing and interfering.
Tuttle refused to correct his error and continued to demand that I submit to his questions, when I would not, I called 911 to ask the my disability rights be protected. Upon arrival, Police Officer Austin Turner talked with Tuttle for several minutes prior to entering the bus. He immediately said I had to leave, that the public transportation was a private business. I tried to explain the ADA to Turner, but he refused all education and instead pulled his service taser gun on me. Outside I asked Turner for the incident number, he said I would not get one. I called the police dispatch again asking for a Supervisor. The Supervisor made Turner give me an incident number but also allowed him to issue a Criminal Trespass Warning for 5 years from all CobbLinc bus stops and stations.

ID# 2024-0045972-CV
Page 39

## EXHIBIT 5.4

---

3/12/24, 2:29 PM                    Gmail - Response: Your Civil Rights Division Report - 405362-HMK from the Disability Rights Section

 Gmail                                                                    Kevin Campbell <kscamp@gmail.com>

**Response: Your Civil Rights Division Report - 405362-HMK from the Disability Rights Section**
1 message

**DOJ Civil Rights - Do Not Reply** <civilrightsdonotreply@mail.civilrights.usdoj.gov>          Tue, Mar 12, 2024 at 1:27 PM
Reply-To: civilrightsdonotreply@mail.civilrights.usdoj.gov
To: kscamp@gmail.com



Dear Kevin Campbell,

You contacted the Department of Justice on February 4, 2024. After careful review of what you
submitted, we have decided not to take any further action on your complaint.

### What we did:

Team members from the Civil Rights Division reviewed the information you submitted. Based on
our review, we have decided not to take any further action on your complaint. We receive several
thousand reports of civil rights violations each year. We unfortunately do not have the resources
to take direct action for every report.

Your report number was 405362-HMK.

### What you can do:

We are not determining that your report lacks merit. Your issue may still be actionable by
others - your state bar association or local legal aid office may be able to help.

### To find a local office:

American Bar Association
https://www.americanbar.org/groups/legal_services/flh-home
(800) 285-2221

Legal Services Corporation (or Legal Aid Offices)
https://www.lsc.gov/find-legal-aid

### How you have helped:

While we don't have the capacity to take on each individual report, your report can help us find
issues affecting multiple people or communities. It also helps us understand emerging trends
and topics.

Thank you for taking the time to contact the Department of Justice about your concerns. We
regret we are not able to provide more help on this matter.

Sincerely,

U.S. Department of Justice
Civil Rights Division

---

https://mail.google.com/mail/u/0/?ik=c808a392ce&view=pt&search=all&permthid=thread-f:1793342280011688411%7Cmsg-f:1793342280011688841...    1/2

# EXHIBIT 5.5

3/12/24, 2:29 PM                    Gmail - Response: Your Civil Rights Division Report - 405362-HMK from the Disability Rights Section

**Contact**

civilrights.justice.gov        mail    U.S. Department of Justice        phone    (202) 514-3847
                                       Civil Rights Division                      1-855-856-1247 (toll-free)
                                       950 Pennsylvania Avenue, NW               Telephone Device for the Deaf
                                       Washington, D.C. 20530-0001              (TTY) (202) 514-0716

ID# 2024-0045972-CV
Page 41

## IN THE SUPERIOR COURT OF COBB COUNTY
## STATE OF GEORGIA

**KEVIN CAMPBELL,**
    Plaintiff,

v.

Civil Action No.
24-1-2538-53

**TRANSDEV SERVICES INC,**
**COBB COUNTY BOARD OF COMMISSIONERS,**
**COBB COUNTY DEPARTMENT OF TRANSPORTATION d/b/a COBBLINC,**
**and MARK K TUTTLE**
    Defendants.

### VERIFICATION

Personally Appeared before the undersigned officer, duly authorized to administer oaths, the undersigned, who after having been duly sworn, deposes and says that the preceding CIVIL COMPLAINT AND DEMAND FOR JURY TRIAL is true and correct to the best of his knowledge.

_____
Kevin Campbell

Sworn to and subscribed before
Me, this __3__ day of April, 2024

_____
NOTARY PUBLIC   6-4-2025

SHARLYNN HERNDON
NOTARY
PUBLIC
EXPIRES
June 4, 2025
GEORGIA
PAULDING COUNTY

Filed In Office Apr-05-2024 14:44:18
IDS 2024-0042573-CV
Page 1

IN THE SUPERIOR COURT OF COBB COUNTY

STATE OF GEORGIA

Connie Taylor
Clerk of Superior Court Cobb County

Petitioner: **KEVIN CAMPBELL**

and

Civil Action File No.: *24-1-2538-53*

Respondent: **TRANSDEV SERVICES INC,
COBB COUNTY BOARD OF
COMMISSIONERS, COBB COUNTY
DEPARTMENT OF TRANSPORTATION-
TRANSIT DIVISION d/b/a COBBLINC and
MARK K TUTTLE**

## POVERTY AFFIDAVIT

COMES NOW **KEVIN CAMPBELL,** the Petitioner in the above styled **KEVIN CAMPBELL v TRANSDEV**

**SERVICES INC et al.** being first duly sworn, deposes and says:

1. That I, by reason of my poverty and pursuant to O.C.G.A. § 9-15-2, am unable to pay the cost required by O.C.G.A. § 15-6-77 to file a civil case in the courts of Cobb County.

2. That I am **5 5** y e a r s of age, and my monthly household income before taxes is **$943** I have the following sources of income:  SOCIAL SECURITY SSI disability benefit: My Social Security Administration Benefit Verification Letter is attached.

3. That I live in Marietta, (Cobb County), Georgia.

4. That I **own** a vehicle.

5. That my household consists of **one** person.

6. That I pay the following bills each month:

| Name of Bill | Amount |
|---|---|
| Geico Insurance | $60 |
| Phone and Internet | $45 |
| Gym | $25 |
| Gasoline and Diesel Fuel | $250 |
| Food | $350 |
| Medical | $60 |
| | |
| | |

ID# 2024-0046973-CV
Page 2





# Social Security Administration
## Benefit Verification Letter

Date: March 28, 2024
BNC#: 24AL243D30901
REF: DI

KEVIN SCOTT CAMPBELL
270 COBB PARKWAY
140-101
MARIETTA GA 30060-6519

You asked us for information from your record. The information that you requested is shown below. If you want anyone else to have this information, you may send them this letter.

**Information About Supplemental Security Income Payments**

Beginning March 2024, the current Supplemental Security Income payment is $943.00.

This payment amount may change from month to month if income or living situation changes.

Supplemental Security Income Payments are paid the month they are due.

(For example, Supplemental Security Income Payments for March are paid in March.)

We found that you became disabled under our rules on February 5, 2020.

**Type of Supplemental Security Income Payment Information**

You are entitled to monthly payments as a disabled individual.

**Date of Birth Information**

The date of birth shown on our records is January 17, 1969.

**Suspect Social Security Fraud?**

Please visit http://oig.ssa.gov/r or call the Inspector General's Fraud Hotline at 1-800-269-0271 (TTY 1-866-501-2101).

See Next Page

ID# 2024-0046973-CV
Page 3

24AL243D30901                                              Page 2 of 2

**If You Have Questions**

**Need more help?**

1. Visit www.ssa.gov for fast, simple and secure online service.
2. Call us at **1-800-772-1213**, weekdays from 8:00 am to 7:00 pm.  If you are deaf or hard of hearing, call TTY **1-800-325-0778**. Please mention this letter when you call.
3. You may also call your local office at **1-866-964-4690**.

       SOCIAL SECURITY
       SUITE 250
       200 CHASTAIN CENTER BLVD
       KENNESAW GA 30144

**How are we doing?** Go to www.ssa.gov/feedback to tell us.

*Social Security Administration*

ID# 2024-0046973-CV
Page 4

7. That I hereby request to proceed in this action without having to pay filing fees and associated costs.

Signed this 5ᵗʰ day of April 2024.

KSC

_____
                              Petitioner, *Self-represented*

Kevin Campbell
270 Cobb Parkway S 140-101
Marietta, GA 30060
(770) 766-7060
kscamp@gmail.com

Sworn to and affirmed before me, this
___3___ day of April 2024
Sharlynn Herndon
**NOTARY PUBLIC**
My commission expires: 6-4-2025

Filed In Office Apr-05-2024 14:44:18
ID# 2024-0046574-CV
Page 1

Connie Taylor
Clerk of Superior Court Cobb County

IN THE SUPERIOR COURT OF COBB COUNTY

STATE OF GEORGIA

Kevin Campbell                          *

    Plaintiff,                          *          Civil Action No.:

                                            24-1-2538-53

v.                                      *

Transdev Services Inc.                  *

    Defendant.                          *


## ORDER GRANTING REQUEST TO PROCEED IN FORMA PAUPERIS

The Plaintiff came before the Presiding Judge on **4-5-2024**, 2024

seeking to proceed in forma pauperis in the above-styled case.

The Court having heard the sworn testimony of the Plaintiff and having reviewed the

Plaintiff's Affidavit hereby GRANTS the Plaintiff's request to proceed in forma pauperis.

SO ORDERED this **5th** day of **April**, 2024.


                                Senior Judge, State of Georgia

                                Presiding in the Superior Court

                                Of Cobb County

Filed In Office Apr-05-2024 14:44:18
ID# 2024-0046975-CV
Page 1

Connie Taylor
Clerk of Superior Court Cobb County

**DISCLOSURE STATEMENT
CLERK OF SUPERIOR COURT**

CASE NUMBER *24-1-2538-53*
_____
Assigned by Clerk

KEVIN CAMPBELL
_____
Plaintiff

Vs.

TRANSDEV SERVICES INC, et al.
_____
Defendant

## TYPE OF ACTION

| | | | |
|---|---|---|---|
| 1. | ☐ Divorce without Agreement Attached | 11. | ☐ URESA |
| 2. | ☐ Divorce with Agreement Attached | 12. | ☐ Name Change |
| 3. | ☐ Domestic Relations | 13. | ☐ Other |
| 4. | ☐ Damages Arising out of Contract | 14. | ☐ Recusal |
| 5. | ☑ Damages Arising out of Tort | 15. | ☐ Adoption |
| 6. | ☐ Condemnation | | |
| 7. | ☐ Equity | | |
| 8. | ☐ Zoning- County Ordinance Violations (i.e. Injunctive Relief-Zoning) | | |
| 9. | ☐ Zoning Appeals (denovo) | | |
| 10. | ☐ Appeal, Including denovo appeal- excluding Zoning | | |

## PREVIOUS RELATED CASES

Does this case involve substantially the same parties, or substantially the same subject matter, or substantially the same factual issues, as any other case filed in this court (Whether pending simultaneously or not)?

☑ NO

☐ YES- If yes, please fill out the following:

1. Case # _____
2. Parties _____ vs. _____
3. Assigned Judge _____
4. Is this case still pending? ☐ Yes ☐ No
5. Brief description of similarities:

_____
_____

Attorney or Party Filing Suit

Filed In Office Apr-05-2024 14:44:18
ID# 2024-0046576-CV
Page 1

**General Civil and Domestic Relations Case Filing Information**

**Form Superior Court of COBB County**

Connie Tuttle
Clerk of Superior Court Cobb County

| For Clerk Use Only | |
|---|---|
| Date Filed 04-05-2024 | Case Number 24-1-2538-53 |
| MM-DD-YYYY | |

**Plaintiff(s)**

KEVIN CAMPBELL

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

TRANSDEV SERVICES INC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

COBB COUNTY BOARD OF COMMISSIONERS

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

COBB COUNTY DEPT OF TRANSPORTATION d/b/a COBBLINC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

MARK K TUTTLE

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** _____ **State Bar Number** _____ **Self-Represented** ☒

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____  _____
**Case Number**                              **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☒ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Use of Plaintiff's Service Animal

Version 1.1.20

Filed In Office Apr-05-2024 14:44:18
ID# 2024-0046577-CV
Page 1

**IN THE SUPERIOR COURT OF COBB COUNTY**
**STATE OF GEORGIA**

Connie Taylor
Clerk of Superior Court Cobb County

| | |
|---|---|
| Petitioner:  **KEVIN CAMPBELL** | |
| **and** | Civil Action File No.: 24-1-2538-53 |
| Respondents: **TRANSDEV SERVICES INC,** **COBB COUNTY BOARD OF COMMISSIONERS,** **COBB COUNTY DEPARTMENT OF** **TRANSPORTATION d/b/a COBBLINC,** **and MARK K TUTTLE** | |

**SUMMONS**

TO THE ABOVE NAMED RESPONDENT:

You are hereby summoned and required to file with the Clerk of said Court and serve upon the Petitioner, whose name and address is:

**KEVIN CAMPBELL**
**270 COBB PARKWAY S #140-101**
**MARIETTA, GA 30060**

an Answer to the Complaint which is herewith served upon you, within 30 days after service of this Summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

If a hearing has already been scheduled in this case, you must appear at that scheduled hearing, regardless of whether the 30 days for filing an answer has elapsed.

This _____5_____ day of _____April_____, 20 _24_.

CONNIE TAYLOR,

Clerk of Superior Court

By _____

Deputy          Clerk

To Respondent:

This Complaint and Summons was served upon you, _____, 20 _____.

ID# 2024-0054398-CV
⊕ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

24102538
LEONARD - 53
APR 20, 2024 05:51 PM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

### IN THE SUPERIOR COURT OF COBB COUNTY
### STATE OF GEORGIA

Plaintiff:

    **KEVIN CAMPBELL**

                |

and                |     Civil Action File No:24102538

                |     Judge Robert D. Leonard II

                |

Defendants:

    **TRANSDEV SERVICES INC,**
    **COBB COUNTY BOARD OF COMMISSIONERS,**
    **COBB COUNTY DEPARTMENT OF TRANSPORTATION d/b/a COBBLINC,**
    **and MARK K TUTTLE**

---

### NOTICE OF ANTE LITEM

Attached for filing is the following:

Pursuant to O.C.G.A. § 36-11-1, Plaintiff's Notice of Ante Litem to Cobb County Board of Commissioners dated March 7, 2024.

Respectfully submitted this 20th day of April, 2024.

                /s/Kevin Campbell
                Kevin Campbell
                270 Cobb Parkway S #140101
                Marietta, GA 30060
                Phone: (770)766-7060
                kscamp@gmail.com
                *PeachCourt e-file preferred*
                *Pro Se*

March 7, 2024

Via Certified Mail
Via Email lisa.cupid@cobbcounty.org

**Chairman of Cobb County Board of Commissioners**
100 Cherokee Street
Marietta, GA 30090

*Additional copies provided via U.S.P.S. first-class mail to:*

**Cobb County Department of Transportation, Transit Division
d.b.a. CobbLinc**
1890 County Services Parkway
Marietta, GA 30008

**RE: Ante Litem Notice Pursuant to *O.C.G.A. § 36-11-1***

To Whom It May Concern:

You are hereby given formal ante litem notice that I intend to file a lawsuit against Cobb County and Cobblinc arising out of tortious injuries I sustained on or about February 21, 2024. The incidents occurred while I was a passenger on a CobbLinc Route 50.  The first being outbound bus #1600, at the Marietta Transfer Station, 800 S Marietta Parkway, Marietta, Georgia at 4:30 pm. And the second being on inbound bus #1701 at stop 920405 eastbound on Delk Road, Marietta, Georgia at 5:25 pm.

These claims are supported with specific Georgia Codes and Federal Regulations as listed at the end of this notice.  They also are similar to a previously reported incident of January 29, 2024.

I am disabled and use public transportation as my primary form of travel.  I have been a paratransit certified rider on CobbLinc for several years, using my task trained service animal to limit the severity of physical and nonphysical symptoms of my

disability.  Though not required by federal law or regulations, she always wears a vest in public making it obvious to all that she is a working service dog and warnings that interference and harassment are criminal offenses.

After starting travel on the inbound Route 15 bus downtown at stop #920099, we transferred at the Marietta Transfer Center to the Route 50 bus #1600.

At least two other passengers on the bus remembered and commented to us about the January 29, 2024 issue when we were removed from the bus by Marietta Police Officer Austin Turner against my will and over my civil rights objections at the direction of Mark Tuttle.  Two CobbLinc drivers (one of which was the #1600 driver) were on a break, using the bench at the Marietta Transfer Center directly in front of the rear door of #1600 where we were seated awaiting an on-time departure.  They were easily overheard gossiping about the January 29, 2024 removal and specifically mentioning Mark Tuttle.  The non #1600 driver then walked westbound and made a call to dispatch to report me again for using a service animal.

The bus was delayed and before the driver entered, two supervisors (one male, one female) in orange vests approached us while we were seated on the bus.   The make supervisor was aggressive and stated that while Cobb County *allowed* us to ride the bus, that the service animal must be on the ground per CobbLinc policy.  I told him specifically that she was working as needed and to leave us alone.  I told him to contact Mark Tuttle if there was any question about our ability to travel together with my service animal in a seat and working as needed to mitigate the symptoms of my disability.  Clearly frustrated, both supervisors left, the driver boarded and we departed more than 10 minutes late.  When asked for his name at the stop #920456 on Delk Road in Marietta, Georgia, the #1600 driver refused to answer.

I decided to end my ride and return to the Marietta Transfer Center so that the Marietta Police Department could make a report.  When I boarded the Inbound Route 50 #1701 bus at 5:25 pm, after being seated, the driver also requested that my service animal be placed on the floor.   I said no, that she needed to be where she was to

work.  The #1701 driver just shook her head and continued to route without additional issue.

Upon arrival at the Marietta Transfer Center, the Marietta Police Department dispatched Officer Lindsey to investigate and write a report (2024-0002357, attached). An additional report (418263-HGW) was filed with the United States Department of Justice, Civil Rights Division.

The purpose of this ante litem notice is to satisfy the notice requirements of O.C.G.A. § 36-11-1 prior to filing a lawsuit against Cobb County and CobbLinc. I hereby provide notice of my claim and demand settlement in the amount of $225,000. This amount is just as it is less than what the Justice Department could assess for a second and third time violations of public accommodations for individuals with disabilities. *28 CFR 85.5, 42 U.S.C. 12188(b)(2)(C)(i), 28 CFR 36.504(a)(3)(i).*

An additional report (*405362-HMK*) was filed with the United States Department of Justice, Civil Rights Division on February 4, 2024.

If this claim is not settled within 30 days after the date of this letter, I intend to file a lawsuit against Cobb County and CobbLinc seeking compensation for my injuries, damages and violation of rights.  All recorded footage made by CobbLinc for this incident is expected to be preserved as evidence for future discovery and trial.

Please direct any correspondence related to this claim to me at the following address. I look forward to hearing from you regarding this matter.


Regards,

/s/ Kevin Campbell
Kevin Campbell
kscamp@gmail.com
270 Cobb Parkway #140-101
Marietta, GA 30060
(770) 766-7060

- *O.C.G.A § 51-1-1* Tort Defined

- *O.C.G.A § 51-1-4* Slight Diligence and Gross Negligence Defined

- *O.C.G.A § 51-12-3* Direct and Consequential Damages Distinguished

- *O.C.G.A § 51-12-6* Damages for Injury to Peace, Happiness or Feelings

- *O.C.G.A § 30-4-2* Right to Public Accommodations; Right to be Accompanied by Service Dog

- *O.C.G.A § 46-9-130* Transportation by Carriers Generally

- *28 CFR Part 35* Nondiscrimination on the Basis of Disability in State and Local Government Services

- *28 CFR 35.136* Service Animals. (a) General (b) Exceptions (d) Animal Under Handler's Control **(f) Inquiries** (g) Access To Areas Of A Public Entity

- *49 CFR 37.169 (e)* Process To Be Used By Public Entities Providing Designated Public Transportation Service In Considering Requests For Reasonable Modification.

ID# 2024-0055149-CV
**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA

**24102538**
**LEONARD - 53**
**APR 23, 2024 10:14 AM**

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

# IN THE SUPERIOR COURT OF COBB COUNTY
# STATE OF GEORGIA

Plaintiff:
**KEVIN CAMPBELL**

|

and                        |     Civil Action File No:24102538

                           |     Judge Robert D. Leonard II

                           |

Defendants:
**TRANSDEV SERVICES INC,**
**COBB COUNTY BOARD OF COMMISSIONERS,**
**COBB COUNTY DEPARTMENT OF TRANSPORTATION d/b/a COBBLINC,**
**and MARK K TUTTLE**

---

## NOTICE OF ANTE LITEM

Attached for filing is the following:

Pursuant to O.C.G.A. § 36-11-1, Plaintiff's Notice of Ante Litem to Cobb County Board of Commissioners dated April 7, 2024.

Respectfully submitted this 20th day of April, 2024.

/s/Kevin Campbell
Kevin Campbell
270 Cobb Parkway S #140101
Marietta, GA 30060
Phone: (770)766-7060
kscamp@gmail.com
*PeachCourt e-file preferred*
*Pro Se*

April 7, 2024

Via Certified Mail
cc via email lisa.cupid@cobbcounty.org
cc via email leslie_looper@gbtpa.com,  Senior Resolution Manager
cc via USPS Antoinette Grant, Customer Service Manager

**Cobb County Board of Commissioners**
Chairman, Lisa Cupid
100 Cherokee Street
Marietta, GA 30090

> *Additional copies provided via USPS. first-class mail to:*

> > **Cobb County Department of Transportation, Transit Division d.b.a. CobbLinc**
> > 1890 County Services Parkway
> > Marietta, GA 30008

> > **TransDev Services Inc.**
> > 431 Commerce Drive SE
> > Marietta, GA 30060

**RE: Ante Litem Notice Pursuant to *O.C.G.A. § 36-11-1***

To Whom It May Concern:

You are hereby given formal ante litem notice that I intend to take legal action against Cobb County, CobbLinc and Transdev Services arising out of tortious injuries I sustained on or about January 3, March 20, April 1 and April 3 of 2024.  This is the **third** separate Ante Litem notice delivered in 2024. None of the identified situations are repeated across notices. There is a pending case in Cobb County Superior Court, <u>KEVIN CAMPBELL v. TRANSDEV, et al</u>. (Civil Action File No. 24-1-2538-53) .

These claims are supported with specific Georgia Codes and Federal Regulations as listed at the end of this notice.  They also are similar to a previously reported incident of January 29 and March 7, 2024.

In all situations,  I was a Cobblinc ParaTransit Certified passenger, with invisible disabilities that with a doctor's approval, used a  task-trained service animal, named Liberty, to continuously assess, respond and alert to medical dangers caused by my disabilities.  I voluntarily have Liberty wear a "Service Dog" vest when working in public to make obvious to everyone she is tasked-trained and not a pet or emotional support animal.  As such, under lawful protections, I do not answer questions about my disabilities or her training to try to eliminate opportunities of disability harassment and interference.

In 2023, Cobb County's CobbLinc was operated by First Transit who was acquired by Transdev.  It now appears, based on repeated personal negative experiences, that the initial training given to bus drivers by Transdev is deeply flawed, has not been revised, thus is the source of these numerous violations and is likely to continue in the future without meaningful intervention.   Specifically, it appears that at least one member of the training team Transdev applies a mixture of Veterans' Affairs (VA) policy and Department of Transportation's (DOT) Air Carrier Access Act (ACAA) guidance to all classes for Transdev new drivers in clear violation of the protections given bus passengers with the Americans with Disabilities Act (ADA).

*First*, the VA has a different requirement which military service veterans can use service animals, almost exclusively focusing on the outdated physical handicap definitions.  VA decisions have no application to the civilian population.  The ADA requirements for an individual with disabilities are not constrained to physical handicaps.

*Second*, the DOT ACAA recommendations to airlines  that animals should be on the floor of the passenger's seat do not extend to public transportation including buses. The DOT has never given this guidance outside of airlines. TransDev could never make

a legal company policy to require service animals to be on the floor of the passenger's seat.  Cobb County certainly does not have or could be seen to lawfully support that decision.

*Third*, the United States Department of Justice (DOJ)  Civil Rights Division has issued guidance about Service Animal protections and requirements.   "A *person with PTSD* may have a dog that is trained to lick their hand to alert them to an oncoming panic attack." [1]  "Q7: What questions can a covered entity's employees ask to determine if a dog is a service animal? A: In situations **where it is not obvious that the dog is a service animal**, staff may ask only two specific questions... [2]

On January 3, 2024, before boarding a CobbLinc Route 40 outbound bus at stop # 921101 ~3:15 pm, the bus driver immediately screamed at me, "Is that a service dog, what is she supposed to do?"  I told her it was obvious and refused to answer any of her additional questions.  The bus was approximately 80% full of passengers .  She continued to scream at me in front of the other passengers while unsafely driving until stop #920336.  She then parked the bus and is believed to make a call to dispatch.  At the same time I made a call to CobbLinc customer service to report her actions.  The telephone agent maintained contact with me until the bus driver was told to resume the route without any restrictions on my use of the service.  I exited at stop #920343 where she tried to offer an apology but I said it was too late.  I next encountered this driver one hour later on the inbound Route 40 at stop #920314 to Marietta Transfer Center.  She did not say anything to me when boarding or during the trip.  However, she was the driver in the April 3, 2024 incident as described later.

On March 20, 2024, I boarded CobbLinc bus #1623 for Route 50 at stop #92107 around 1:30 pm.  The bus driver ignored Liberty's Service Dog vest and asked me if she was a service animal.  I told him it was obvious what she was by her vest and moved to take a seat.  At which time, the driver attempted to interfere with her work by telling me she would have to lay on the ground per company policy.  I told him no.  The bus was

---

[1] https://www.ada.gov/topics/service-animals/
[2] FAQ#7 https://www.ada.gov/resources/service-animals-faqs/

approximately 50% full of passengers .  He put the bus in park,  walked off the bus to apparently make a call to Transdev dispatch.  After being personally embarrassed by the other passenger's attention to the situation because of a delay of ~10 minutes, the driver returned and yelled to all passengers that he "might not like it and I might not have a job at the end of the day, but that's between me and dispatch."  He never apologized or admitted his mistake.  He continued to yell at all passengers through stop #920443 including again putting the bus in park and refusing to go forward for another delay of ~10 minutes.  The issue was reported to Cobblinc/Transdev Customer Service Manager Antoinette Grant the same day.

On April 1, 2024, bus driver for Route 50 ~8 pm at Marietta Transfer Center stop #920030, before boarding asked me "What is your disability?"  I told her that was an unlawful question that I would not answer.  She responded that "She was just doing what the dispatch had told her to do."  This incident was reported the same week to Antoinette Grant, Customer Service Manager who responded she was told not to give me any feedback on either April 1 or March 20 because of pending legal action.

On April 3, 2024, at Route 40 inbound to Marietta Transfer Center boarding at stop 920306, the bus driver, (the same driver as the January 3 incident) immediately asked "how the dog was trained?".  I told her I refused to answer her unlawful question.  She put the bus, that was empty at the time, in park and called dispatch.  She told the person on  the other end of the phone, "Yeah, it's the man that *I had the problem with* his dog."  Again, she was directed to continue the route without any restrictions on my use of the service.

The purpose of this ante litem notice is to satisfy the notice requirements of O.C.G.A. § 36-11-1 prior to filing a lawsuit against Cobb County, CobbLinc and Transdev. I hereby provide notice of my claim and demand settlement in the amount of $225,000. This amount is just as it is less than what the Justice Department could assess for a fourth, fifth, sixth and seventh time violations of public accommodations for individuals with disabilities. 28 CFR 85.5, 42 U.S.C. 12188(b)(2)(C)(i), 28 CFR 36.504(a)(3)(i).

If this claim is not settled within 30 days after the date of this letter, I intend to file a lawsuit against Cobb County, CobbLinc and Transdev seeking compensation for my injuries, damages and violation of rights.  All recorded footage made by CobbLinc for these incidents is expected to be preserved as evidence for future discovery and trial.

Please direct any correspondence related to this claim to me at the following address. I look forward to hearing from you regarding this matter.

Regards,

/s/ Kevin Campbell
Kevin Campbell
kscamp@gmail.com
270 Cobb Parkway #140-101
Marietta, GA 30060
(770) 766-7060

**Causes of Action.**   See KEVIN CAMPBELL v TRANSDEV et. al 2024 (Cobb County Superior Court Civil Action File No. 24-1-2538-53), for specific codes, regulations and settled case law citations.

- Failure to make a reasonable accommodation
- Service under contract
- Violation of legal, public and private duty
- Premise Liability
- Civil conspiracy
- Intentional Infliction of Emotional Distress (IIED)
- Slight diligence and gross negligence.  Extraordinary diligence.
- General and special damages
- Compensatory damages
- Punitive damages